Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2037 | **DATE** | 12/14/2004 |
| **CASE TITLE** | Hereford vs. Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order denying the petitioner's petition for a writ of habeas corpus. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 15 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 15 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/14/2004 | |
| | | courtroom | date mailed notice | |
| MPJ | deputy's initials | | MPJ6 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
CURTIS HEREFORD, )
)
Petitioner, )
)
v. ) No. 04 C 2037
)
JERRY L. STERNES, )
)
Respondent. )
)

**MEMORANDUM OPINION AND ORDER**

On May 18, 1994, after a jury trial, petitioner Curtis Hereford was convicted in the Circuit Court of Cook County of first-degree murder. Mr. Hereford was sentenced to serve a prison term of thirty-four years.

Mr. Hereford appealed his conviction to the Illinois Appellate Court, First District, raising two issues: (1) that the court erred by failing to instruct the jury on self-defense and on second-degree murder based on an unreasonable belief in self-defense; and (2) that the prosecution engaged in misconduct by making comments during closing arguments that were inflammatory and not supported by the evidence. The appellate court affirmed Mr. Hereford's conviction on October 4, 1996. Mr. Hereford then petitioned for leave to appeal to the Illinois Supreme Court, raising only the jury instruction issues. That petition was denied on January 29, 1997.

Mr. Hereford filed a petition for post-conviction relief with the Circuit Court of Cook County on May 12, 1997. That petition raised four issues: (1) ineffective assistance of trial counsel for failure to investigate Mr. Hereford's medical history and records, specifically his participation in a methadone treatment program; (2) ineffective assistance of trial counsel for failure to expose alleged perjury by three witnesses; (3) prosecutorial misconduct for making comments during closing arguments that were inflammatory and not supported by the evidence; and (4) judicial misconduct for not instructing the jury on self-defense and second-degree murder based on an unreasonable belief in self-defense. The court denied that petition on December 18, 2000.

Mr. Hereford appealed that decision to the Illinois Appellate Court, First District, on March 5, 2002, raising nine issues: ineffective assistance of appellate counsel for (1) failing to provide Mr. Hereford with a reasonable level of representation in violation of Illinois Supreme Court Rule 651(c) and (2) failing to raise the issue of ineffective assistance of trial counsel; ineffective assistance of trial counsel for (3) failing to present evidence of Mr. Hereford's drug dependency when presenting the motion to suppress, (4) failing to cross-examine witnesses at the suppression hearing regarding their knowledge of Mr. Hereford's participation in a methadone treatment program, (5) failing to have Mr. Hereford's confession suppressed, (6) failing to renew the

motion to suppress at trial when one witness contradicted his earlier testimony, (7) failing to object to the prosecution's closing argument, and (8) failing to act in a professional manner; and, finally, (9) whether the cumulative effect of the errors by trial and appellate counsel denied Mr. Hereford a fair trial. The court denied Mr. Hereford's appeal on June 30, 2003.

Mr. Hereford petitioned for a rehearing of his petition, which was denied on August 12, 2003. Mr. Hereford filed a petition for leave to appeal to the Illinois Supreme Court on October 3, 2003, raising the same issues as in his March 2002 appeal: (1) several grounds for ineffective assistance of appellate counsel; (2) several grounds for ineffective assistance of trial counsel; and (3) prosecutorial misconduct. His petition for leave to appeal was denied on December 3, 2003.

On March 18, 2004, Mr. Hereford filed a petition for a writ of habeas corpus. He raises four issues: ineffective assistance of trial counsel for (1) failing to investigate Mr. Hereford's participation in a methadone treatment program and the effect of that treatment on the voluntariness of his statements to police and (2) failing to object to the prosecution's comments during closing argument which were inflammatory and not supported by the evidence; (3) ineffective assistance of appellate counsel for failing to raise the issue of ineffective assistance of trial counsel; and (4) police and prosecutorial misconduct for withholding Mr. Hereford's

3

methadone treatment until after Mr. Hereford made a confession. One issue is procedurally defaulted; the others do not provide a basis for relief.

I.

Mr. Hereford argues that the police officers who arrested and interrogated him, with the cooperation of the prosecution, withheld his methadone treatment following his arrest until they had obtained a confession. Only then, he claims, did the police transport him to a hospital for treatment. A petitioner must first present all claims to the state courts, either on direct appeal or on petition for post-conviction relief, before he may present those claims in a federal habeas petition. *Bell v. Pierson*, 267 F.3d 544, 555 (7th Cir. 2001). Such a presentation gives the state court a "full and fair opportunity" to resolve constitutional issues before those claims are presented to the federal courts. *Id.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a petitioner does not fully present a claim to the state courts, the federal court may only entertain a habeas petition on that claim if the petition either demonstrates cause for the omission and actual prejudice as a result, or if failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Mr. Hereford's claim is procedurally defaulted; he did not raise the issue of police and prosecutorial misconduct before the

state courts. Further, he makes no argument concerning cause for failing to present the claim, nor does he assert that failure to examine this claim will result in the conviction of an innocent man, a fundamental miscarriage of justice. *See, e.g., Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). This claim is barred from federal review.

II.

Federal courts may grant a writ of habeas corpus only when the adjudication of the petitioner's claims in state court resulted in an outcome either contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1); *Boss v. Pierce*, 263 F.3d 734, 738-39 (7th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000)).

A.

Mr. Hereford argues that his trial counsel provided ineffective assistance on two grounds: first, because he failed to investigate the effect Mr. Hereford's methadone treatment would have had on his state of mind at the time of the alleged crime or on his ability to make a knowing and voluntary waiver of his rights before confessing to the police, and second, because he failed to object to the inflammatory and potential prejudicial comments made by the prosecutor during closing arguments.

To establish ineffective assistance of counsel, a claimant must show that counsel's representation fell below an objective

5

standard of reasonableness and that, but for the substandard representation, the outcome of the proceeding would have been different. *Porter v. Gramley*, 112 F.3d 1308, 1312 (7th Cir. 1997)(citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). Mr. Hereford raised these issues before the Illinois Appellate Court on appeal of his post-conviction relief petition. Ex. J at 5-6. That court rejected his argument that trial counsel had provided him with substandard assistance.

Applying *Strickland*, the court held that trial counsel's failure to argue regarding Mr. Hereford's methadone treatment during the suppression proceedings was not the result of incompetence, but rather sound trial strategy. Ex. J at 7. Mr. Hereford did not take the stand at his trial, leaving his confession as the only evidentiary support for his theory of the case. Ex. J at 6-7. Taking the stand could have been problematic for Mr. Hereford, as he could have been cross-examined about "his drug addiction, his drug sales, and about obvious contradictions in the evidence about where his bat-wielding assault took place." Ex. J at 7. If the confession had been suppressed, the only evidence remaining with respect to the victim's death would be eyewitness testimony, which did not support Mr. Hereford's theory of the case. Ex. J at 7. That testimony alone would have been sufficient to convict Mr. Hereford of first-degree murder. Ex. J at 7. The appellate court therefore held that Mr. Hereford had failed to show

either prong of the *Strickland* test with regard to counsel's failure to obtain suppression of Mr. Hereford's confession. Ex. J at 8.

The court also applied *Strickland* to trial counsel's failure to object to the prosecutor's statements during closing arguments. The court refused to consider several of the statements objected to by Mr. Hereford, stating that *res judicata* applied, as the statements had been considered by the court on direct appeal and rejected as a source of error.[1] Ex. J at 8. The court did consider one statement not previously addressed: the prosecutor's invitation to the jury to hypothesize about the amount of force needed to break a baseball bat.[2] Ex. J at 9. The court held that such a statement addressed a matter of common knowledge and was reasonable. Ex. J at 9. Again, Mr. Hereford failed to meet either prong of the *Strickland* test for ineffective assistance of counsel. After review, in neither case does the Illinois Appellate Court's application of *Strickland* constitute an unreasonable application of federal law, nor are their holdings contrary to federal law.

---

[1] These statements included that Mr. Hereford and his co-defendant intended to send a message of intimidation through the killing of the victim, that they lived in a world of "violence" and of "drugs," and that they meted out "street justice." The court held that the statements were reasonable and, even if error, were not prejudicial given the overwhelming evidence against Mr. Hereford and his co-defendant. Ex. A at 10-11.

[2] Mr. Hereford, at one point, struck the victim repeatedly with a baseball bat. The bat apparently broke while Mr. Hereford was doing so.

7

B.

Mr. Hereford finally argues that his appellate counsel provided ineffective assistance by failing to present his claim of ineffective assistance of trial counsel. The Illinois Appellate Court also addressed this issue in its rejection of Mr. Hereford's post-conviction appeal. Ex. J at 10. Mr. Hereford's claims of ineffective assistance by appellate counsel were predicated on claims of ineffective assistance by trial counsel. Ex. J at 10. The court held that as Mr. Hereford's claims regarding trial counsel failed, he suffered no prejudice by his appellate counsel's failure to raise those claims. Ex. J. at 10 (citing *People v. Haynes*, 737 N.E.2d 169, 190-91 (Ill. 2000)(no prejudice results from appellate counsel's failure to raise an issue, unless underlying issues were meritorious)). Again, I cannot say that this holding was an unreasonable application of or contrary to established federal law.

III.

As no argument presented by Mr. Hereford is sufficient to sustain a grant of habeas review, I deny his petition.

**ENTER ORDER:**

*Elaine E. Bucklo*
_____
**Elaine E. Bucklo**
United States District Judge

Dated: December 14, 2004